IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES LIBERO, #A4009529, | ) | CIV. NO. 20-00019 DKW-RT |
| | ) | |
| Petitioner, | ) | ORDER GRANTING IN FORMA |
| | ) | PAUPERIS APPLICATION AND |
| vs. | ) | DISMISSING PETITION |
| | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the court is pro se petitioner James Libero's fourth petition for writ of habeas corpus ("Petition"), ECF No. 1, and application to proceed in forma pauperis, ECF No. 4. Libero again challenges his conviction for Attempted Murder in the Second Degree and Assault in the First Degree in *State v. Libero*, Cr. No. 98-2-000697 (Haw. 2d Cir. Ct. 1998) ("2PC98-0-000697"). http://www.courts.state. hi.us/ (last visited Feb. 4, 2020). Libero seeks an order directing the state court to grant him a new trial based on newly discovered evidence that he claims demonstrates his actual innocence.

In support of his Petition, Libero refers the Court to his most recent state post-conviction proceedings in *Libero v. State*, S.P.P. No. 17-1-0017(2) (Haw. 2d Cir. Ct. 2018) (denying Petition to Vacate, Set Aside, or Correct Judgment, or to Release Petitioner); CAAP-18-0000084 (Haw. App. 2019) (affirming 2d Cir.

Findings of Fact; Conclusions of Law denying post-conviction relief); and SCWC 18-0000084 (Haw. 2019) (rejecting application for certiorari).

For the following reasons, Libero's application to proceed in forma pauperis is GRANTED, his Petition is DISMISSED without prejudice for lack of jurisdiction, and any request for a certificate of appealability is DENIED.

## I. **IN FORMA PAUPERIS APPLICATION**

Libero's application to proceed in forma pauperis shows that he is a pauper within the meaning of 28 U.S.C. § 1915 and is GRANTED. The Warden or Financial Office of the Saguaro Correctional Center, where Libero is confined, shall withdraw $5.00 from Libero's trust fund and remit those funds to the Clerk of Court, identified by the civil filing number of this action.

## II. **BACKGROUND**

On March 10, 2016, Libero's first federal habeas petition challenging his conviction and sentence in Cr. No. 2PC98-0-000697 was dismissed as time-barred pursuant to 28 U.S.C. § 2244(d), and he was denied a certificate of appealability. *See Libero v. State*, Civ. No. 15-00389 JMS-KSC (D. Haw. 2016). The Court of Appeals for the Ninth Circuit likewise denied Libero's request for a certificate of appealability. *See Libero v. State*, App. No. 16-15953 (9th Cir. Aug. 19, 2016).

On October 11, 2017, Libero's second federal habeas petition challenging Cr. No. 2PC98-0-000697 was dismissed for lack of jurisdiction, and a certificate of appealability was denied. *See Libero v. State*, Civ. No. 17-00497 JMS-KSC (D. Haw. 2017), ECF No. 3. The court referred the petition to the Ninth Circuit, which denied the application for authorization to file a second or successive 28 U.S.C. § 2254 petition in the district court. *See Libero v. State*, App. No. 17-72822 (9th Cir. May 16, 2018).

On December 14, 2018, Libero's third federal habeas petition challenging Cr. No. 2PC98-0-000697 was dismissed for lack of jurisdiction. *See Libero v. State*, Civ. No. 18-00484 JMS-RLP (D. Haw. 2018, ECF No. 3. The court again explained that Libero must seek authorization from the Ninth Circuit to pursue relief in the district court and directed the Clerk of Court to send Libero the appropriate forms to do so, but did not refer the Petition to the Ninth Circuit. The Ninth Circuit subsequently denied Libero's application for authorization to file a second or successive petition. *See Libero v. State*, App. No. 18-73476 (9th Cir. April 22, 2019).

In the present Petition, filed January 13, 2020, Libero again requests a new trial. He alleges that he has newly discovered evidence regarding the victim's statements, which he seeks to suppress. Libero made this claim in his first two

3

federal petitions. Libero's reference to his recent state post-conviction proceedings in S.P.P. No. 17-1-0017(2); CAAP-18-0000084; and SCWC 18-0000084 reveals that his conviction has not been reversed, expunged, or otherwise called into question.

## III. **THE COURT LACKS JURISDICTION**

Before Libero may challenge his conviction in Cr. No. 2PC98-0-000697 in this district court, he must apply for and receive authorization from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244 (b)(3)(A). Libero's failure to do so deprives this Court of subject matter jurisdiction. 28 U.S.C. § 2244(a); *see Magwood v. Patterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

> Ninth Circuit Rule 22-3(a) provides, in relevant part:
>
> If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals.
>
> The Circuit Advisory Committee Note clarifies:
>
> If an applicant files a document that appears to be an unauthorized section 2254 petition or 2255 motion and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court may transfer the filing to the court of appeals in the interests of justice *or, in the alternative,*

4

> *the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.*

Ninth Circuit Rule 22-3 n. (emphasis added).

Libero alleges a claim based on newly discovered evidence of actual innocence. Because the Court has already explained what Libero must do before he may bring another habeas petition in this court, and transferred or referred his previous petitions to the appellate court, and because the grounds for the current Petition appear to mimic those in Libero's prior efforts, the interests of justice do not weigh in favor of transferring the present Petition to the Court of Appeals. Accordingly, the Petition is DISMISSED without prejudice. Libero may request authorization from the Ninth Circuit Court of Appeals to file a second or successive petition.

## IV. <u>CONCLUSION</u>

Libero's in forma pauperis application is GRANTED. The Warden or Financial Office of the Saguaro Correctional Center shall withdraw $5.00 from Libero's trust fund account and remit those funds to the Clerk of Court, identified by the civil filing number of this action.

The Petition and action are DISMISSED without prejudice for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(3)(A). To the extent a certificate of

appealability is required, "jurists of reason would" not "find it debatable" that this Court lacks jurisdiction over the Petition without authorization from the appellate court, and therefore any request for a certificate of appealability is DENIED. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk is directed to send Libero Ninth Circuit Form 12, the Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255, so that he may apply for authorization to proceed with his claims with the Ninth Circuit if he so chooses.

The Clerk shall serve a copy of this Order on Libero and the Warden or Financial Office of the Saguaro Correctional Facility by U.S. Postal Service.

Any pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED: February 5, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

James Libero v. State of Hawaii; Civil No. 20-00019 DKW-RT; **ORDER GRANTING IN FORMA PAUPERIS APPLICATION AND DISMISSING PETITION**

*Libero v. Hawaii,* 1:20-cv-00019 DKW-RT; hab '20 2d Scsv (dsm no ref to 9th)